# East St. Louis Railway Company v. Peter Hessling.

1. PROXIMATE CAUSE—*how question of, determined.* Ordinarily, it is for the jury, and not the court, to determine whether the negligence charged was the proximate cause of the injury complained of; but it is for the court to determine whether or not there is any evidence in the record which, if credited, shows a legal liability.

2. PEREMPTORY INSTRUCTION—*when, properly given.* In an action on the case for personal injuries, it is proper peremptorily to instruct for the defendant where there is no evidence of negligence upon the part of the defendant and of the exercise of due care upon the part of the plaintiff.

Action on the case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1904. Reversed, with finding of facts. Opinion filed September 9, 1904.

M. W. SCHAEFER, for appellant.

R. H. FLANNIGAN and O. R. SEITER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

The appellant operates an electric street railway on Thirteenth street in the city of East St. Louis. Thirteenth street, in general direction, lies north and south. Crossing it east and west, in order from the south, are Bowman, Exchange, Winstanley, Lynch and Lake avenues. On September 26, 1903, appellee was riding as a passenger in a car running north on Thirteenth street. He wanted to get off at the Lynch avenue crossing. He occupied a rear seat in the car. When the car was crossing the alley between Winstanley and Lynch avenues, presumably in the middle of the block, he pressed the bell button with which the car was provided, to signal a stop at Lynch avenue, the next crossing. The signal was not observed by the conductor or motorman, and the car continued without stop or slack in speed across and beyond the crossing. Appellant's servants deny that any signal was given. While the car was under full speed, running at the rate of eight or ten miles an hour, appellee left his seat, went upon the

rear platform and down upon the lower step, on which his foot slipped, and in the effort to save himself he fell from the car near the middle of Lynch avenue. His leg was broken. The foregoing is a fair statement of all the material facts according to the evidence, which may be urged in support of the plaintiff's cause of action.

The action is trespass on the case. There are two counts in the declaration, in each of which it is alleged that the defendant was in the exercise of ordinary care. The negligence charged by the first count is that the defendant declined and refused to check and stop the car and continued to apply the power after being notified of plaintiff's desire to get off. In the second count it is alleged that defendant " *negligently applied extra power to the car*, and sent it forward violently with great speed." The case was tried by a jury on plea of the general issue, and resulted in verdict and judgment for the plaintiff for $3,500, from which defendant appealed to this court. At close of plaintiff's evidence and again at the close of all the evidence defendant moved the court to instruct the jury to find for the defendant, which motions were denied, the instruction refused and exceptions preserved.

The peremptory instruction should have been given. There is no evidence in the record tending to prove the negligence charged in the second count. There is nothing in the testimony of any witness that " extra power " was applied to the car, or that there was any increase of speed, or any act of the motorman from which it could be inferred that extra power was applied. The testimony of the plaintiff himself negatives any such inference.

The evidence bearing upon the allegations in the first count fails to prove or tend to prove that the injury complained of was caused by the negligence charged, or that the plaintiff was in the exercise of ordinary care for his own safety—both essential averments, requiring affirmative proof. In his testimony the plaintiff says : " I stepped down on the bottom step, and my feet slipped, and I saw I was going to fall, and I just threw my whole weight, to give

myself a push with my hand out from the car.  *  *  *  I fell off; that is the way I left the car, by falling off.  *  *  * My foot slipped; what was the cause of the slipping I could not say; whether there was anything on the step I do not know, but my feet slipped was the cause of my having to get off, or falling off.  *  *  * It is my opinion that the absolute cause of the accident was my foot slipping on the steps. I do not know what caused my foot to slip. If my foot had not slipped on the steps I don't think this would have happened." This is the plaintiff's case stated by himself as to the manner of leaving the car and the cause of his injury. There is nothing in all the evidence tending to show that the negligence charged, remotely or proximately caused the plaintiff to fall. He slipped and fell from some cause, to himself unknown, at a point where the car would necessarily have been in motion, even had the utmost care been exercised by defendant's servants in respect to the duty of which negligence is charged. If the signal to stop had been observed by the defendant, perhaps there would have been slackened movement of the car when plaintiff left it, and possibly, though there is no evidence in the record to suggest this, the injury would have been less, but there would have been a fall and injury just the same.

Another sufficient reason to warrant a peremptory instruction is the lack of evidence that plaintiff was in the exercise of ordinary care. He says, " I occupied the rear seat that runs cross-wise of the car.  *  *  * After I rang the bell the car was running pretty fast. I got up and walked to the back platform.  *  *  * From the time the car left the L. & N. track until it hit Lake avenue it was going from seven to nine miles an hour.  *  *  * Have ridden on this street car line off and on for about five years.  *  *  * I know that street cars always stopped on the further crossing. That is where the cars always stopped.  *  *  * I pushed the electric button but did not notice the conductor give the signal bell for the motorman to stop. I don't know whether he gave a signal or

not. Whenever the electric bell is rung by a passenger, the conductor gives a bell that goes to the front platform for the motorman to stop. * * * When I got out on the platform I noticed that the car was not checking up. It didn't check up at all going across Lynch avenue. It just kept going at the regular rate of speed." When he left his seat in the car, after his signal to stop, and when he reached the platform and went down upon the steps, he knew the signal had not been observed, and that the car was still running at full speed. Acquainted as he was with the operation of street cars on that line, he knew or must have known that his signal was not heard and that the car would not stop at Lynch avenue, and that he could not get off; and yet, voluntarily, without invitation or suggestion, he placed himself in a position the most exposed to injury, especially of the kind from which he suffers. The doctrine of emergency, suggested by counsel in excuse, has no application. There was no emergency, or anything in the circumstances or action of the defendant's servants, to excuse plaintiff's conduct. Only a few passengers were on the car; there was no movement of any except the plaintiff to leave it at that crossing, and surely there was no apparent necessity of going to the platform in preparation to get off, much less was the need to get down upon the steps while the car was running at full speed, which the plaintiff knew. It is settled beyond controversy by the decisions of the Supreme and Appellate Courts of this state, that, ordinarily, it is for the jury, and not the court, to determine whether the negligence charged was the proximate cause of the injury complained of and that the question of plaintiff's negligence, in most cases, is likewise one of fact for the jury. The cases cited by appellee and many others are in point on this proposition. To this doctrine we are fully committed by a number of the reported decisions of this court. But it is equally well established, and according to long-established practice, for the court to determine whether or not there is any evidence in the record which, if credited, shows a legal liability. If there is conflict of evidence

it is for the jury to weigh and determine the credit to be given, and by their verdict decide the facts in the case. Whether there is or is not legal, competent evidence or proof of a fact material to the right of recovery or defense, is a question of law for the court. The function of the court in passing upon a motion for a peremptory instruction, in practice and principle, is the same as when passing upon objections to the admission of evidence upon the trial; and that justice may be done, the duty of the court is as imperative in the one instance as in the other. So of the record before us, and quite within the law as we understand it, we are moved to say, not that the evidence is insufficient, but that there is no evidence of two material and essential allegations in the plaintiff's declaration, viz., that the plaintiff was in the exercise of due care for his own safety, and that the negligence of the defendant caused his injury. Without affirmative proof of these averments the action must fail.

We have not considered the evidence in defense because in passing upon the error discussed the defendant's evidence must be excluded. Nor will we discuss other errors assigned, further than to observe that the defendant's evidence tends strongly to prove that plaintiff was injured in attempting to jump from the car before it reached the stopping place, and while it was running at a high rate of speed; that no signal was given, or, at least, that none was heard by the conductor or motorman; and that plaintiff's fall on the street and consequent injury was due to his lighting on a stone which turned under his foot. If it were only to determine the weight of evidence on disputed facts, the verdict of the jury would be conclusive.

With conclusions as above indicated, the judgment of the City Court will be reversed, with a finding of facts.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the negligence charged in the declaration

was not the proximate cause of the plaintiff's injuries. We find that the plaintiff was not in the exercise of ordinary care for his own safety just before and at the time of the injury, and that he was guilty of negligence which caused the injury complained of.